[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13317
Non-Argument Calendar
_____

D.C. Docket No. 1:85-cr-00748-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM POTTS, JR.,
a.k.a. William Freeman, Jr.,
a.k.a. Lt. Spartacus,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 9, 2015)

Before JULIE CARNES, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

William Potts, Jr. appeals his 20-year pre-Sentencing Guidelines sentence,

imposed after he pled guilty to the superseding information's charge of kidnapping

in the special aircraft jurisdiction of the United States, in violation of 18 U.S.C. § 1201(a)(3). His offense, committed in March 1984, arose out of his threat to blow up a commercial aircraft on which he was a passenger if the pilot did not divert the flight to Cuba. The grand jury originally indicted him in 1985 on a charge of aircraft piracy, in violation of 49 U.S.C. § 1472(i).[1] From 1984 to 1997, he served a 13-year sentence in a Cuban prison related to the same conduct. On appeal, Mr. Potts argues that the district court acted arbitrarily and capriciously, resulting in a gross abuse of discretion, by imposing a 20-year sentence after he already had served a 13-year sentence in Cuba for the same crime. Also, for the first time on appeal, he argues that his 20-year sentence was the result of racial bias because his white cell mate in Cuba served four years in Cuba "for the very same offense" before returning to the United States and receiving an additional sentence of only five years.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

We review a pre-Guidelines sentence for an abuse of discretion. *United States v. Duarte-Acero*, 296 F.3d 1277, 1281 (11th Cir. 2002). In a pre-Guidelines case, a district court "has broad discretion in the imposition of criminal sentences." *United States v. Reme*, 738 F.2d 1156, 1167 (11th Cir. 1984). "The severity of a

---

[1] The crime of aircraft piracy is now codified at 49 U.S.C. § 46502.

2

sentence imposed within the statutory limits is insulated from appellate review, but the judicial process by which a sentence is determined is subject to appellate scrutiny." *Id.* "As long as the sentence is within statutory limits and there is no showing of arbitrary or capricious action amounting to a gross abuse of discretion, it will not be questioned on appeal." *United States v. Ard*, 731 F.2d 718, 727 (11th Cir. 1984). "While the district court may consider sentences imposed in similar cases in arriving at its sentencing determination, the sentence is valid unless a showing of abuse of discretion by the district court is made. A defendant cannot rely upon the sentences which other defendants receive as any yardstick for his sentence." *United States v. Hayes*, 589 F.2d 811, 827 (5th Cir. 1979).[2]

Here, the record reveals no arbitrary or capricious conduct by district court in sentencing Mr. Potts. Instead, the record reveals that district court heard argument from counsel for both parties regarding the appropriate sentence to be imposed, with particular attention to the time he served and the conditions he endured while incarcerated in Cuba. The court chose a 20-year sentence because, with that sentence, Mr. Potts would become eligible for parole after serving one-third of the sentence, or approximately seven years. The court reasoned that the resulting seven-year sentence, combined with his 13-year term of imprisonment in Cuba, would approximate the 20-year mandatory minimum that he would have

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

received if the government had proceeded on the charge of aircraft piracy from the original indictment.

With regard to the disparate-sentencing argument that Mr. Potts raises for the first time on appeal, there is no evidence that the district judge was ever made aware of the cell mate's circumstances, but even if she had been, under our pre-Guidelines sentencing precedent, he cannot rely on the sentences that other defendants received as grounds to challenge his own sentence. *See id.*

**AFFIRMED.**